1   ARA JABAGCHOURIAN (SBN 205777)
    ajabagchourian@cpmlegal.com
2   STEWART R. POLLOCK (SBN 301356)
    spollock@cpmlegal.com
3   **COTCHETT, PITRE & McCARTHY, LLP**
    San Francisco Airport Office Center
4   840 Malcolm Road
    Burlingame, CA 94010
5   Telephone: 650) 697-6000
    Facsimile: (650) 697-0577
6
    *Attorneys for Plaintiff*
7

8                       **UNITED STATES DISTRICT COURT**

9                       **NORTHERN DISTRICT OF CALIFORNIA**

10  | **KENU, INC.,** | CASE NO. _____ |
    | --- | --- |
11  | Plaintiff, | **COMPLAINT FOR:** |
12  | v. | 1)   **PATENT INFRINGEMENT** |
13  | **AMAZON.COM, INC. dba in California as AMAZON.COM, LLC, IRAG,** | 2)   **TRADEMARK INFRINGEMENT** |
14  | **EQUALLE, FINE ELEMENTS, TOKYO SUBWAYTM, MLISON, ESBUYFU,** | 3)   **TRADE DRESS INFRINGEMENT** |
15  | **GENERIC SELLER, OVO DIRECT, NEXCON, FRADIA12484, PHONE** | |
16  | **HOLDERS, PROTEOVE, ARIIC, LLIFELINE, VERSIONTECH,** | 4)   **UNFAIR COMPETITION (CAL. BUS. PROF. CODE § 17200)** |
17  | **TROLECT, WIZGEAR, OSEMITEK, WSUN, and SMARTEK18.** | |
18  | Defendants. | **DEMAND FOR JURY TRIAL** |
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | JURISDICTION AND VENUE | 2 |
| III. | THE PARTIES | 3 |
|  | A. The Plaintiff | 3 |
|  | B. The Defendants | 3 |
|  | C. Agency & Concert of Action | 7 |
| IV. | FACTUAL BASIS FOR THE CLAIMS ASSERTED | 7 |
| V. | CAUSES OF ACTION | 13 |
|  | FIRST CLAIM FOR RELIEF PATENT INFRINGEMENT (Against AMAZON SELLER DEFENDANTS) | 13 |
|  | SECOND CLAIM FOR RELIEF PATENT INFRINGEMENT BY INDUCEMENT (Against AMAZON) | 14 |
|  | THIRD CLAIM FOR RELIEF TRADEMARK INFRINGEMENT | 14 |
|  | FOURTH CLAIM FOR RELIEF CONTRIBUTORY TRADEMARK INFRINGEMENT | 15 |
|  | FIFTH CLAIM FOR RELIEF TRADE DRESS INFRINGEMENT | 16 |
|  | SIXTH CLAIM FOR RELIEF CONTRIBUTORY TRADE DRESS INFRINGEMENT | 16 |
|  | SEVENTH CLAIM FOR RELIEF UNFAIR COMPETITION | 17 |
| VI. | PRAYER FOR RELIEF | 18 |
| VII. | JURY DEMAND | 19 |

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1    Plaintiff Kenu, Inc. (hereinafter "KENU") in the above captioned matter hereby

2  complains against defendants Amazon.com, Inc., doing business as in California as Amazon.com

3  LLC (hereinafter "AMAZON"), iRAG (a seller on Amazon), eQualle (a seller on Amazon), Fine

4  Elements (a seller on Amazon), Tokyo SubwayTM (a seller on Amazon), Mlison (a seller on

5  Amazon), Esbuyfu, Generic Seller (a seller on Amazon), OVO Direct (a seller on Amazon),

6  Nexcon (a seller on Amazon), Fradia12484 (a seller on Amazon); Phone Holders (a seller on

7  Amazon); Proteove (a seller on Amazon); Ariic (a seller on Amazon); llifeLine (a seller on

8  Amazon); VersionTech (a seller on Amazon); Trolect (a seller on Amazon); Wizgear (a seller on

9  Amazon); Osemitek (a seller on Amazon); wsun  (a seller on Amazon); and Smartek18 (a seller

10  on Amazon) (collectively "Defendants") as follows:

## I.    INTRODUCTION

11

12    1.    KENU is a San Francisco company that specializes in combining technology, art

13  and design in creating mobile phone products and accessories. One such product is a portable

14  hands free in-car mount for mobile or smartphone devices that attaches to any car air vent

15  (hereafter "AIRFRAME™").   KENU's AIRFRAME™ met immediate success for its elegant

16  design and superior functionality over traditional car mounts that are often bulky or rely on

17  adhesives, which detach over time. Seeking to capitalize on KENU's success, competitors have

18  recently begun copying KENU's innovative design and distinctive AIRFRAME™ trademark to

19  "free ride" on the efforts of KENU.  In fact, some of these competitors have even gone so far as

20  to also use the Kenu name to provide the illusion to consumers that they are purchasing genuine

21  KENU products.  This action seeks to remedy some of this problem of the unauthorized sale of

22  knock-off and infringing products, by focusing on AMAZON's marketplace, which has been

23  used to sell these products.

## II.    JURISDICTION AND VENUE

24    2.    This is a civil action seeking damages and injunctive relief for patent

25  infringement, trade dress infringement, violations of the Lanham Act, and unfair competition

26  under California Business and Professions Code §17200 *et seq.*

27  / / /

28

☯
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**COMPLAINT**                                                                      2

3.      Pursuant to 28 U.S.C. § 1331, this Court has federal subject matter jurisdiction over KENU's claims for patent, trademark, and trade dress infringement.  Further, this Court has subject matter jurisdiction pursuant to the following statutes: 28 U.S.C. § 1338(a) (Acts of Congress relating to patents and trademarks); 15 U.S.C. § 1121 *et seq*. (the Lanham Act); 28 U.S.C. § 1338 (b) (unfair competition joined with trademark law); and 28 U.S.C. § 1367 (a) (supplemental jurisdiction over state and common-law claims).

4.      The Northern District of California has personal jurisdiction over the Defendants because, among other things, Defendants are engaged in wrongful conduct within the state of California and in this District, including placing into commerce illegal copies of KENU's goods via AMAZON's website located at www.amazon.com, and infringing upon KENU's patent, trademark and trade dress rights.  Defendants have maintained substantial, continuous, and systematic contacts with the state of California through their business dealings and activities within and with residents of the state of California.  Defendants' conduct causes injury to and is directed at KENU and its intellectual property in the state of California.  But for Defendants', KENU would not have suffered damage.

5.      Venue is proper within this District under 28 U.S.C. § 1391 (b) and (c) because AMAZON transact business within this District and offers for sale in this District products that infringe KENU's intellectual property rights.  Pursuant to Local Rule 3-2(c), intellectual property actions are assigned on a district-wide basis.

## III.    THE PARTIES

### A.    The Plaintiff

6.      KENU is a corporation and existing under the laws of Delaware and having a place of business at 560 Alabama Street, San Francisco, California 94110.

### B.    The Defendants

7.      Amazon.com, Inc., which does business in California as Amazon.com   LLC (hereinafter "AMAZON") is a corporation organized under the laws of the State of Delaware and its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109-5210, with business activities throughout the world and the World Wide Web including at

amazon.com.   AMAZON offers for sale many of the claimed infringing products, including those that are counterfeit versions of KENU's AIRFRAME™.

8.      Defendant iRAG is a seller of portable hands free in-car mount and sells such mounts on Amazon.  AMAZON does not provide any profile information of its users publicly. Therefore, KENU sues such person or entity according to the Amazon seller's name.   Upon learning the proper name of iRAG, KENU will amend the complaint.

9.      Defendant eQualle is a seller of portable hands free in-car mount and sells such mounts on Amazon.  AMAZON does not provide any profile information of its users publicly. Therefore, KENU sues such person or entity according to the Amazon seller's name.   Upon learning the proper name of eQualle, KENU will amend the complaint.

10.     Defendant Fine Elements is a seller of portable hands free in-car mount and sells such mounts on Amazon.  Amazon does not provide any profile information of its users publicly. Therefore, KENU sues such person or entity according to the Amazon seller's name.   Upon learning the proper name of Fine Elements, KENU will amend the complaint.

11.     Defendant Tokyo Subway™ is a seller of portable hands free in-car mount and sells such mounts on Amazon.  Amazon does not provide any profile information of its users publicly.  Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon learning the proper name of Tokyo Subway TM, KENU will amend the complaint.

12.     Defendant Mlison is a seller of portable hands free in-car mount and sells such mounts on Amazon.  Amazon does not provide any profile information of its users publicly. Therefore, KENU sues such person or entity according to the Amazon seller's name.   Upon learning the proper name of Mlison, KENU will amend the complaint.

13.     Defendant Esbuyfu is a seller of portable hands free in-car mount and sells such mounts on Amazon.  Amazon does not provide any profile information of its users publicly. Therefore, KENU sues such person or entity according to the Amazon seller's name.   Upon learning the proper name of Esbuyfu, KENU will amend the complaint.

14.     Defendant Generic Seller is a seller of portable hands free in-car mount and sells such mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

1  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

2  learning the proper name of Generic Seller, KENU will amend the complaint.

3      15.  Defendant OVO Direct is a seller of portable hands free in-car mount and sells

4  such mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

5  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

6  learning the proper name of OVO Direct, KENU will amend the complaint.

7      16.  Defendant Nexcon is a seller of portable hands free in-car mount and sells such

8  mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

9  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

10  learning the proper name of Nexcon, KENU will amend the complaint.

11      17.  Defendant Fradia12484 is a seller of portable hands free in-car mount and sells

12  such mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

13  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

14  learning the proper name of Fradia12484, KENU will amend the complaint.

15      18.  Defendant Phone Holders is a seller of portable hands free in-car mount and sells

16  such mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

17  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

18  learning the proper name of Phone Holders, KENU will amend the complaint.

19      19.  Defendant Proteove is a seller of portable hands free in-car mount and sells such

20  mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

21  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

22  learning the proper name of Proteove, KENU will amend the complaint.

23      20.  Defendant Ariic is a seller of portable hands free in-car mount and sells such

24  mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

25  Therefore, KENU sues such person or entity according to the Amazon seller's name.  Upon

26  learning the proper name of Ariic, KENU will amend the complaint.

27      21.  Defendant llifeLine is a seller of portable hands free in-car mount and sells such

28  mounts on Amazon.  Amazon does not provide any profile information of its users publicly.

1 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

2 | learning the proper name of IlifeLine, KENU will amend the complaint.

3 |       22.     Defendant VersionTech is a seller of portable hands free in-car mount and sells

4 | such mounts on Amazon. Amazon does not provide any profile information of its users publicly.

5 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

6 | learning the proper name of VersionTech, KENU will amend the complaint.

7 |       23.     Defendant Trolect is a seller of portable hands free in-car mount and sells such

8 | mounts on Amazon. Amazon does not provide any profile information of its users publicly.

9 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

10 | learning the proper name of Trolect, KENU will amend the complaint.

11 |       24.     Defendant WizGear is a seller of portable hands free in-car mount and sells such

12 | mounts on Amazon. Amazon does not provide any profile information of its users publicly.

13 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

14 | learning the proper name of WizGear, KENU will amend the complaint.

15 |       25.     Defendant Osemitek is a seller of portable hands free in-car mount and sells such

16 | mounts on Amazon. Amazon does not provide any profile information of its users publicly.

17 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

18 | learning the proper name of Osemitek, KENU will amend the complaint.

19 |       26.     Defendant wsun is a seller of portable hands free in-car mount and sells such

20 | mounts on Amazon. Amazon does not provide any profile information of its users publicly.

21 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

22 | learning the proper name of wsun, KENU will amend the complaint.

23 |       27.     Defendant Smartek18 is a seller of portable hands free in-car mount and sells such

24 | mounts on Amazon. Amazon does not provide any profile information of its users publicly.

25 | Therefore, KENU sues such person or entity according to the Amazon seller's name. Upon

26 | learning the proper name of Smartek18, KENU will amend the complaint.

27 | / / /

28 | / / /

1

### C.   Agency & Concert of Action

2       28.   At all times herein mentioned, Defendants, and each of them, hereinabove, were

3   the agents, servants, employees, partners, alter-egos, aiders and abettors, co-conspirators, and/or

4   joint venturers of each of the other Defendants named herein and were at all times operating and

5   acting within the purpose and scope of said agency, service, employment, partnership, enterprise,

6   conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each

7   of the remaining Defendants.   Each of the Defendants aided and abetted, encouraged, and

8   rendered substantial assistance to the other Defendants in breaching their obligations to

9   Plaintiffs, as alleged herein.   In taking action to aid and abet and substantially assist the

10   commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each

11   of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that

12   his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

13   wrongful goals, and wrongdoing.

### IV.   FACTUAL BASIS FOR THE CLAIMS ASSERTED

14
15       29.   KENU is a successful mobile phone accessory business that designs, develops,

16   and distributes artistic and functional mobile phone accessories that are one of a kind in today's

17   marketplace.   One such product by KENU is the AIRFRAME™, a portable hands free in-car

18   mount for mobile devices.

19       30.   While AIRFRAME™ was released only recently, KENU has already received

20   acclaim for utility and elegant design of its products including the AIRFRAME™, which is sold

21   through numerous merchandisers, retailers and stores nationwide, including Apple Stores,

22   Target, T-Mobile, Sprint and Staples, just to name a few.   KENU also markets and sells its

23   AIRFRAME™ product on the Internet, including through its own website located at

24   www.kenu.com.

25       31.   In addition to its common law rights, KENU sought protection for its intellectual

26   property rights associated with the AIRFRAME™ product by filing for patent and registering its

27   trademark.   Furthermore, KENU has also trademarked its own name by registering it through the

28   United States Patent and Trademark Office.

32.     On October 1, 2013, the United States Patent and Trademark Office issued United States Patent No. US D690,707 (the "'707 patent"), entitled "Dashboard Vent Mount for an Electronic Device," for a portable hands free in-car mount for mobile devices.  See attached EXHIBIT A.

33.     Representative Figures from KENU's patent are referenced below:



FIG. 7                    FIG. 8



FIG. 10

34.     On December 11, 2012, the inventors of the '707 patent, Kenneth Minn and David E. Yao, assigned all of their patent rights in the '707 patent to KENU, which has continuously held the rights to the '707 patent since that date.

35.     On March 18, 2014, KENU obtained a trademark registration for AIRFRAME™ through the United States Patent and Trademark Office, Registration No. 4,499,171, in

1   International Class 9, for portable hands free in-car mount for mobile devices. See attached
2   EXHIBIT B.

3       36.     Since at least the date of this registration, KENU has continually used the mark
4   AIRFRAME™, including through its website located at www.kenu.com.

5       37.     The trade dress associated with KENU's AIRFRAME™ product is distinctive,
6   non-functional, and is owned by KENU.

7       38.     The trade dress associated with KENU's AIRFRAME™ product signifies the
8   source of the AIRFRAME™ product to its customers.

9       39.     As a result of considerable efforts, KENU's customers, and the general public,
10  have come to recognize KENU as an established and successful mobile phone accessory
11  business.

12      40.     KENU's AIRFRAME™ product is one of a kind.

13      41.     KENU's AIRFRAME™ product is manufactured with high quality materials
14  designed to maximize product durability and customer satisfaction, whereas the Accused Device
15  is manufactured from lesser quality materials.

16      42.     KENU's designs are its own intellectual property.  No goods of this design
17  existed prior to KENU's designs and patents.

18      43.     AIRFRAME™ is currently KENU's most sought after and sold product.

19      44.     KENU makes substantial revenue from the AIRFRAME™ product.

20      45.     Defendants expose for sale, offer to sell, and sell a portable hands free in-car
21  mount for mobile devices ("Accused Devices"), including the following ASIN numbers:

22          a.      ASIN: B00MV9M53I by iRAG;

23          b.      ASIN: B00MS1CYHQ by eQualle;

24          c.      ASIN: B00MYRIE1Y by Fine Elements;

25          d.      ASIN: B00MDU1G30 by Tokyo SubwayTM

26          e.      ASIN: B00NZ3ON6Q by Mlison

27          f.      ASIN: B00N0MYOG6 by Esbuyfu

28          g.      ASIN: B00O0UJAW0 by Generic

h.     ASIN: B00MUAMM5O by OVO Direct

i.     ASIN: B00MH5IS3M by Nexcon

j.     ASIN: B00MH51S3M by Fradia12484

k.     ASIN: B00NYKIE06 by Phone Holders

l.     ASIN: B00OOO7REU by Proteove

m.    ASIN: B00PU0JNTY by Ariic

n.     ASIN: B00P5HXOOW by llifeLine

o.     ASIN: B00OTS3TRK by VersionTech

p.     ASIN: B00O7XTYO4 by Trolect

q.     ASIN: B00PKLMK66 by WizGear

r.     ASIN: B00Q6F8XM0 by Osemitek

s.     ASIN: B00Q6E0ZX6 by wsun

t.     ASIN: B00P4YZNY0 by Smartek18

46.     The above identified sellers (hereinafter "AMAZON Seller Defendants") that put the Accused Devices on Website all do so with AMAZON's express permission.

47.     In addition to these infringing products, KENU also received from AMAZON knock-off devices, representative pictures of which are provided below:

 



 

48.     The Accused devices available from AMAZON through www.amazon.com violate KENU's patent and trade dress rights, and/or trademark rights at least to the ASIN numbers identified above.

49.     The use of WINDFRAME and AIRFRAME to market a counterfeit product as to at least AMAZON ASIN numbers B00MYRIE1Y and B00MDU1G30, is likely to cause consumer confusion between that product and KENU's AIRFRAME™ mark.

50.     KENU's '707 patent covers the Accused devices exposed for sale, offered for sale, and sold through AMAZON seller defendants.

51.     The Accused Devices violate KENU's trade dress rights in its AIRFRAME™ product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of KENU's AIRFRAME™ product.

52.     On October 15, 2014, KENU's attorney sent AMAZON a letter advising that AMAZON was placing in the stream of commerce products that infringed upon KENU's

1  property rights, including KENU's patent, trademark, and trade dress rights. See attached
2  EXHIBIT C.

3      53.   On December 5, 2014, AMAZON's website indicated that many of the Accused
4  devices still remained on its website.

5      54.   Despite KENU's request, AMAZON – and AMAZON seller defendants –
6  continue to expose for sale, offer for sale, and sell the infringing Accused Devices on its website.

7      55.   Defendants' exposing for sale, offering for sale, and selling the infringing
8  Accused devices on AMAZON's website violates KENU's intellectual property rights by
9  warehousing and/or offering for sale Accused devices, resulting in facilitation of third-party
10  purchases of Accused Devices that violate KENU's intellectual property rights.

11      56.   Likewise, on information and belief, at least the AMAZON seller defendants'
12  import into the United States the Accused Devices, also violate KENU's intellectual property
13  rights.

14      57.   AMAZON manages and controls the items that can be exposed for sale, offered
15  for sale, and sold on its website.

16      58.   AMAZON manages and controls which sellers can expose for sale, offer for sale,
17  sell, and purchase products on its website.

18      59.   AMAZON profits from its website, as sellers must pay a fee to sell items.

19      60.   But for AMAZON and the AMAZON seller defendants exposing for sale,
20  offering for sale, and selling the Accused devices, KENU would not have been damaged nor
21  would its intellectual property rights have been infringed.

22      61.   After receiving notice of KENU's patent, trademark and trade dress rights,
23  AMAZON continued to induce third parties to list counterfeit and illegal products on its website.

24      62.   AMAZON chose to ignore KENU's notice because of the financial incentives it
25  receives from its website.

26      63.   AMAZON's willful and deliberate actions have caused significant harm to
27  KENU.

28      64.   AMAZON has induced third parties to infringe on KENU's patent rights.

1    65.    AMAZON has contributorily infringed on KENU's trademark rights.

2    66.    AMAZON has contributorily infringed on KENU's trade dress rights.

3    67.    Defendants placed in the stream of commerce illegal products that are

4  significantly cheaper than KENU's product.

5    68.    KENU has lost customers and revenue due to the illegal and infringing products

6  being put in to the stream of commerce by Defendants.

7    69.    Despite KENU's attempts to resolve this matter amicably and without litigation,

8  KENU has been required to bring suit for damages and injunctive relief.

9

10  **V.    CAUSES OF ACTION**

11  **FIRST CLAIM FOR RELIEF**
   **PATENT INFRINGEMENT**
12  **(Against AMAZON SELLER DEFEDNANTS)**
   **35  U.S.C. § 271(a)**

13    70.    KENU incorporates and re-alleges each of the allegations set forth above as

14  though fully set forth herein.

15    71.    AMAZON Seller Defendants infringed upon the rights of KENU's '707 patent by

16  exposing for sale, offering to sell, selling, and importing the Accused Devices in the United

17  States.

18    72.    AMAZON Seller Defendants will continue to infringe the '707 patent unless and

19  injunction is granted by this Court.

20    73.    AMAZON Seller Defendants' acts are willful, in disregard of, and with

21  indifference to, the rights of KENU.

22    74.    As a direct and proximate cause of the infringement by AMAZON Seller

23  Defendants, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at

24  trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.

25  Additionally, AMAZON Seller Defendants are liable to KENU to the extent of their total profits,

26  but not less than $250, pursuant to 35 U.S.C. § 289.

27    WHEREFORE, Plaintiff prays for relief as set forth below.

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT**                                                          13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT BY INDUCEMENT
## (Against AMAZON)
### 35 U.S.C. §271(b)

75.     KENU incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

76.     AMAZON has infringed upon the rights of KENU's patent by inducing individuals and companies to infringe upon the rights of KENU's '707 patent.

77.     AMAZON, with knowledge of KENU's patent rights, has continued to allow the Accused Devices to be exposed for sale, offered for sale, and sold on its website at www.amaon.com with knowledge that the Accused Devises infringe the '707 patent.

78.     AMAZON will continue to induce infringement of the '707 patent through its website at www.amazon.com unless enjoined by this Court.

79.     AMAZON's acts are willful, in disregard of, and with indifference to, the rights of KENU.

80.     As a direct and proximate cause of the infringement by AMAZON, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.  Additionally, AMAZON is liable to KENU to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

## THIRD CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT
## (Against FINE ELEMENTS, TOKYO SUBWAYTM, ESBUYFU, GENERIC, LIMETECH, PHONE HOLDERS, PROTEOVE and WIZGEAR)
### 15 U.S.C. §1125(a)(1)

81.     KENU restates and re-alleges each of the allegations set forth above as though fully set forth herein.

82.     AMAZON Seller Defendants known as Fine Elements, Tokyo SubwayTM, Esbuyfu, Generic, Limetech, Phone Holders, Proteove and Wizgear have infringed KENU's

trademark rights in its AIRFRAME™ mark by using the confusingly similar names WINDFRAME and AIRFRAME to sell the same product.

83.     On information and belief, Fine Elements, Tokyo SubwayTM, Esbuyfu, Generic, Limetech, Phone Holders, Proteove and Wizgear have used the names WINDFRAME and AIRFRAME, despite the knowledge that the Accused Devices are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of KENU's AIRFRAME™ product.

84.     The acts of Fine Elements, Tokyo SubwayTM, Esbuyfu, Generic, Limetech, Phone Holders, Proteove and Wizgear are willful, in disregard of, and with indifference to the rights of KENU.

85.     As a direct and proximate cause of the infringement by Fine Elements, Tokyo SubwayTM, Esbuyfu, Generic, Limetech, Phone Holders, Proteove and Wizgear, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT
### (Against AMAZON)
### 15 U.S.C. §1125(a)(1)

86.     KENU restates and re-alleges each of the allegations set forth above as though fully set forth herein.

87.     AMAZON has engaged in contributory infringement of KENU's trademark rights in its AIRFRAME™ mark by inducing individuals and companies to infringe upon the rights of KENU's trademark.

88.     AMAZON has allowed the Accused Devices to be offered and sold on its website, despite knowledge that the Accused Devices being offered and sold on its website are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of KENU's AIRFRAME™ product.

89.     AMAZON'S acts are willful, in disregard of, and with indifference to the rights of KENU.

90.     As a direct and proximate cause of the infringement by AMAZON, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

### FIFTH CLAIM FOR RELIEF
### TRADE DRESS INFRINGEMENT
### (Against AMAZON SELLER DEFENDANTS)
### 15 U.S.C. §1125(a)(1)

91.     KENU restates and re-alleges each of the allegations set forth above as though fully set forth herein.

92.     AMAZON Seller Defendants have engaged in infringement of KENU's trade dress rights in its AIRFRAME™ product by placing into commerce the Accused Devices.

93.     AMAZON Seller Defendants have offered and sold the Accused Device, despite knowledge that the Accused Devices being offered and sold are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of KENU's AIRFRAME™ product.

94.     AMAZON Seller Defendants' acts are willful, in disregard of, and with indifference to the rights of KENU.

95.     As a direct and proximate cause of the infringement by AMAZON Seller Defendants, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

### SIXTH CLAIM FOR RELIEF
### CONTRIBUTORY TRADE DRESS INFRINGEMENT
### (Against AMAZON)
### 15 U.S.C. §1125(a)(1)

96.     KENU restates and re-alleges each of the allegations set forth above as though fully set forth herein.

97.    AMAZON has engaged in contributory infringement of KENU's trade dress rights in its AIRFRAME™ product by inducing individuals and companies to infringe upon the trade dress rights in KENU's product.

98.    AMAZON has allowed the Accused Device to be offered and sold on its website, despite knowledge that the Accused Device being offered and sold on its website is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of KENU's AIRFRAME™ product.

99.    AMAZON's acts are willful, in disregard of, and with indifference to the rights of KENU.

100.    As a direct and proximate cause of infringement by AMAZON, KENU is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**SEVENTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.**
**(Against ALL DEFENDANTS)**
**Cal.Bus.&Prof. Code §17200, *et seq.***

101.    KENU restates and re-alleges each of the allegations set forth above as though fully set forth herein.

102.    The above described acts and omissions, including but not limited to, Defendants' continued infringement of KENU's design patent, and their infringement of KENU's trademark and/or trade dress rights, constitute unfair competition under section 17200 *et seq.* of the California Business and Professions Code.

103.    By reason of these wrongful acts and omissions by Defendants, KENU has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendants have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to KENU.

/ / /

/ / /

**COMPLAINT**                                                                                     17

## VI.   PRAYER FOR RELIEF

WHEREFORE, KENU prays judgment against Defendants as hereinafter set forth:

1.     Reasonable royalties in an amount to be proven at trial;

2.     Injunctive relief;

3.     Lost profits in an amount to be proven at trial;

4.     AMAZON's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

5.     iRAG's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

6.     eQualle's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

7.     Fine Elements's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

8.     Tokyo SubwayTM's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

9.     Mlison's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

10.    Esbuyfu's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

11.    Generic's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

12.    OVO Direct's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

13.    Nexcon's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

14.    Fradia12484's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

15.    Phone Holders's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

16.    Proteove's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

17.    Ariic's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

18.    llifeLine's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

19.    VersionTech's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

20.    Trolect's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

21.    WizGear's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

22.    Osemitek's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

23.    wsun's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

24.    Smartek18's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;

25.    For costs of suit incurred herein;

26.   For punitive and enhanced damages;

27.   For attorney fees under existing law; and

28.   For such other and further relief as the Court may deem just and proper.

Dated: December 22, 2014          **COTCHETT, PITRE & McCARTHY, LLP**

By: _____ */s/Ara Jabagchourian*
ARA JABAGCHOURIAN
*Attorneys for Plaintiff*

## VII.   **JURY DEMAND**

KENU demands trial by jury on all issues so triable.

Dated: December 22, 2014          **COTCHETT, PITRE & McCARTHY, LLP**

By: _____ */s/Ara Jabagchourian*
ARA JABAGCHOURIAN
*Attorneys for Plaintiff*

# EXHIBIT A



US00D690707S

## (12) United States Design Patent
### Minn et al.

(10) Patent No.: **US D690,707 S**
(45) Date of Patent: ** Oct. 1, 2013

(54) **DASHBOARD VENT MOUNT FOR AN ELECTRONIC DEVICE**

(71) Applicants: **Kenneth Minn**, San Francisco, CA (US); **David E. Yao**, San Francisco, CA (US)

(72) Inventors: **Kenneth Minn**, San Francisco, CA (US); **David E. Yao**, San Francisco, CA (US)

(73) Assignee: **Kenu, LLC**, San Francisco, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/437,793**

(22) Filed: **Nov. 20, 2012**

(51) LOC (9) Cl. ................................................ 08-07
(52) U.S. Cl.
USPC ........................................................ D14/447
(58) Field of Classification Search
USPC ............... D14/432, 433, 434, 439, 440, 451,
D14/452, 239, 217, 224.1, 251, 252, 253,
D14/457, 458, 459, 460, 461; D6/406.1,
D6/406.2, 406.3, 406.4, 406.5, 406.6;
361/679.06, 679.21, 679.22, 679.24, 679.26,
361/679.27, 679.28, 679.3, 679.55, 679.56,
361/709; 248/917–924, 133, 136, 139, 150,
248/176.1, 188.6; D12/415
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D482,039 S * 11/2003 Chen et al. ................... D14/447
7,272,984 B2 * 9/2007 Fan ............................... 74/89.17

(Continued)

*Primary Examiner* — Angela J Lee
(74) *Attorney, Agent, or Firm* — Jeffrey Schox; Peter Miller

(57) **CLAIM**
We claim the ornamental design for a dashboard vent mount for an electronic device, as shown and described.

**DESCRIPTION**

FIG. 1 is an elevation view of the back of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 2 is a plan view of the top of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 3 is an elevation view of left side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 4 is an elevation view of the front of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 5 is an elevation view of the right side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 6 is a plan view of the bottom of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 7 is an isometric view, from the front right, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 8 is an isometric view, from the back left, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 9 is an elevation view of the back of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 10 is a plan view of the top of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 11 is an elevation view of left side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 12 is an elevation view of the front of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 13 is an elevation view of the right side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 14 is a plan view of the bottom of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 15 is an isometric view, from the front right, of the dashboard vent mount for an electronic device in an expanded setting; and,
FIG. 16 is an isometric view, from the back left, of the dashboard vent mount for an electronic device in an expanded setting.

**1 Claim, 2 Drawing Sheets**





## US D690,707 S

Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D589,962 | S | * | 4/2009 | Maruyama et al. ......... D14/432 |
| D611,478 | S | * | 3/2010 | Richardson et al. ......... D14/447 |
| D630,222 | S | * | 1/2011 | Lin ............................ D14/447 |
| D645,033 | S | * | 9/2011 | Quong et al. ............... D14/253 |
| D656,931 | S | * | 4/2012 | Wikel ......................... D14/253 |
| D656,940 | S | * | 4/2012 | Mcclelland et al. ........ D14/447 |
| D657,356 | S | * | 4/2012 | Wikel ......................... D14/253 |
| D663,726 | S | * | 7/2012 | Gourley ...................... D14/251 |
| D663,735 | S | * | 7/2012 | Musselman .................. D14/447 |
| D664,147 | S | * | 7/2012 | Zhao et al. .................. D14/452 |
| D671,950 | S | * | 12/2012 | Richter ....................... D14/447 |
| 2011/0019992 | A1 | * | 1/2011 | Orf ............................. 396/419 |

* cited by examiner



FIG. 1

FIG. 2

FIG. 3     FIG. 4     FIG. 5

FIG. 6

FIG. 7     FIG. 8



FIG. 9

FIG. 10

FIG. 11

FIG. 12

FIG. 13

FIG. 14

FIG. 15

FIG. 16

# EXHIBIT B



# United States of America
## United States Patent and Trademark Office

# AIRFRAME

**Reg. No. 4,499,171**

**Registered Mar. 18, 2014**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

KENU, INC (DELAWARE CORPORATION)
236 8TH ST - SUITE A
SAN FRANCISCO, CA 94103

FOR: PORTABLE HANDS FREE IN-CAR MOUNT FOR MOBILE DEVICES, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-16-2013; IN COMMERCE 4-16-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-785,286, FILED 11-21-2012.

HOWARD SMIGA, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT C

LAW OFFICES
## COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES
SACRAMENTO

NEW YORK
WASHINGTON, DC

October 15, 2014

*VIA EMAIL* **patents@amazon.com**
Scott Sanford
Amazon Corporate Counsel

> Re:  *Kenu, Inc. – Notice of Possible Infringement of Design Patent
> And Trade Dress Rights*

Dear Mr. Sanford:

My office represents Kenu, Inc. ("Kenu"). This letter is a follow up to an email sent by my client on August 27, 2014, which informed Amazon that it was selling and/or offering to sell what my client believes are products that likely violate Kenu's valuable patent and trade dress rights related to its AIRFRAME™ product.

Kenu is a United States business incorporated in the state of Delaware, with its headquarters located in San Francisco, California. Kenu was founded in 2010, with the goal of developing modern, artistic designs for consumer electronics accessories. In 2013, Kenu released the AIRFRAME™, a new design for a portable, hands-free car mount for consumer electronics, especially cell phones. Kenu sells the AIRFRAME™ product to consumers around the world, including the United States.

Kenu is the legal owner of multiple design patents globally. The AIRFRAME™ is a patented product under US Design Patent 690,707 (*See* attached Exhibit A). In addition, the trade dress associated with Kenu's AIRFRAME™ product is distinctive, non-functional, and is owned by Kenu. The trade dress associated with Kenu's AIRFRAME™ product signifies the source of the AIRFRAME™ product to its customers. As a result of considerable efforts, Kenu's customers, and the general public, have come to recognize Kenu as an established and successful mobile phone accessory business.

In the same August 27, 2014 email, my client also informed Amazon of the particular ASIN numbers that were possibly infringing on the patent described above. Since that date additional infringing products have been on sale on your website. For reference, these included:

ASIN: B00MV9M53I by iRAG

ASIN: B00MS1CYHQ by eQualle

ASIN: B00MYRIE1Y by Fine Elements

ASIN: B00LFUNGU0 by Bell+Howell

ASIN: B00MDU1G30 by Tokyo SubwayTM

ASIN: B00NZ3ON6Q by Mlison

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

Scott Sanford
October 15, 2014
Page 2 of 2

ASIN: B00N0MYOG6 by Esbuyfu

ASIN: B00O0UJAW0 by Generic

ASIN: B00MUAMM5O by OVO Direct

ASIN: B00MH5IS3M by Nexcon

ASIN: B00MH51S3M by Fradia12484

Additionally, my client requested some of its product back from Amazon to see what was being sold. Instead of receiving its own product, the first box Amazon shipped contained 50 counterfeit AIRFRAME™ products from its own warehouse. Although my client was credited for those product, Amazon pulled a fee from this credit.

Rather than respond to the take down request sought by my client, your company seeks to push off responsibility and raise a legal defense to the sale of imitation and possibly infringing products on your website. Your company's response to shift blame and claim immunity does nothing to address the problem regarding Amazon selling and offering for sale infringing and counterfeit goods on its website. The delay, especially with the impending Christmas shopping season, does nothing other than erode and dilute Kenu's reputation and business.

In a second and last effort to avoid having to formally enforce my client's rights, my client demands that the above listed items be taken down from your website and removed from your catalogue of products. Further, my client requests that all counterfeit Kenu products be removed from Amazon warehouses as it appears that the counterfeit items have been commingled with genuine AIRFRAME™ products. If these items are not taken down within 15 days of the date of this letter, we will seek intervention to prevent your company from continuing to offer possible infringing and imitation products on your website, in addition to damages for the sale of such products. Finally, please reverse Amazon's commission that it took from the credited counterfeit products discussed above.

If you have any questions or concerns, please contact me directly at the address or phone number indicated above. Your attention to this matter is appreciated.

Sincerely,

ARA JABAGCHOURIAN

Attachment (Exhibit A)



US00D690707S

(12) **United States Design Patent**       (10) Patent No.:       **US D690,707 S**
Minn et al.                                  (45) Date of Patent:    **       Oct. 1, 2013**

(54) DASHBOARD VENT MOUNT FOR AN ELECTRONIC DEVICE

(71) Applicants: Kenneth Minn, San Francisco, CA (US); David E. Yao, San Francisco, CA (US)

(72) Inventors: Kenneth Minn, San Francisco, CA (US); David E. Yao, San Francisco, CA (US)

(73) Assignee: Kenu, LLC, San Francisco, CA (US)

(**) Term: 14 Years

(21) Appl. No.: 29/437,793

(22) Filed: Nov. 20, 2012

(51) LOC (9) Cl. .................................... 08-07

(52) U.S. Cl.
    USPC .......................................... D14/447

(58) Field of Classification Search
    USPC ............... D14/432, 433, 434, 439, 440, 451,
        D14/452, 239, 217, 224.1, 251, 252, 253,
        D14/457, 458, 459, 460, 461; D6/406.1,
        D6/406.2, 406.3, 406.4, 406.5, 406.6;
        361/679.06, 679.21, 679.22, 679.24, 679.26,
        361/679.27, 679.28, 679.3, 679.55, 679.56,
        361/709; 248/917–924, 133, 136, 139, 150,
        248/176.1, 188.6; D12/415
    See application file for complete search history.

(56)                **References Cited**

            U.S. PATENT DOCUMENTS

    D482,039  S  *  11/2003  Chen et al. ..................  D14/447
    7,272,984 B2 *  9/2007  Fan .........................  74/89.17
                    (Continued)

*Primary Examiner* — Angela J Lee
(74) *Attorney, Agent, or Firm* — Jeffrey Schox; Peter Miller

(57)                **CLAIM**

We claim the ornamental design for a dashboard vent mount for an electronic device, as shown and described.

                **DESCRIPTION**

FIG. 1 is an elevation view of the back of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 2 is a plan view of the top of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 3 is an elevation view of left side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 4 is an elevation view of the front of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 5 is an elevation view of the right side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 6 is a plan view of the bottom of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 7 is an isometric view, from the front right, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 8 is an isometric view, from the back left, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. 9 is an elevation view of the back of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 10 is a plan view of the top of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 11 is an elevation view of left side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 12 is an elevation view of the front of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 13 is an elevation view of the right side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 14 is a plan view of the bottom of the dashboard vent mount for an electronic device in an expanded setting;
FIG. 15 is an isometric view, from the front right, of the dashboard vent mount for an electronic device in an expanded setting; and,
FIG. 16 is an isometric view, from the back left, of the dashboard vent mount for an electronic device in an expanded setting.

                1 Claim, 2 Drawing Sheets





**EXHIBIT A**

## US D690,707 S
### Page 2

(56)                    References Cited

### U.S. PATENT DOCUMENTS

| D589,962 S | * | 4/2009 | Maruyama et al. | D14/432 |
| D611,478 S | * | 3/2010 | Richardson et al. | D14/447 |
| D630,222 S | * | 1/2011 | Lin | D14/447 |
| D645,033 S | * | 9/2011 | Quong et al. | D14/253 |
| D656,931 S | * | 4/2012 | Wikel | D14/253 |

| D656,940 S | * | 4/2012 | Mcclelland et al. | D14/447 |
| D657,356 S | * | 4/2012 | Wikel | D14/253 |
| D663,726 S | * | 7/2012 | Gourley | D14/251 |
| D663,735 S | * | 7/2012 | Musselman | D14/447 |
| D664,147 S | * | 7/2012 | Zhao et al. | D14/452 |
| D671,950 S | * | 12/2012 | Richter | D14/447 |
| 2011/0019992 A1 | * | 1/2011 | Orf | 396/419 |

* cited by examiner



FIG. 1

FIG. 2

FIG. 3          FIG. 4          FIG. 5

FIG. 6

FIG. 7          FIG. 8



FIG. 9

FIG. 10

FIG. 11

FIG. 12

FIG. 13

FIG. 14

FIG. 15

FIG. 16